IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DANNY LEE HANNERS,                :
                                  :
       Plaintiff,               :
                                  :
       VS.                      :  NO. 5:12-CV-245-MTT-CHW
                                  :
Warden CARL HUMPHRIES, et. al.    :
                                  :
       Defendants.              :

## ORDER OF DISMISSAL

Plaintiff **DANNY LEE HANNERS**, an inmate currently confined at the Georgia Diagnostic and Classification Prison, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and is proceeding *in forma pauperis*. Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). Having now done so, the Court finds that Plaintiff's allegations fail to state a claim upon which relief may be granted. Plaintiff's Complaint is accordingly **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1).

## STANDARD OF REVIEW

When conducting a preliminary screening under 28 U.S.C. ▪ 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson,* 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed.@ *Tannenbaum v. United States*, 148

F.3d 1262, 1263 (11th Cir. 1998). However, a district court shall still dismiss a prisoner complaint after the initial review if it finds that the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The factual allegations "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

**STATEMENT AND ANALYSIS OF CLAIMS**

Plaintiff Danny Lee Hanners, an inmate currently serving ten life sentences for "rape, forced sodomy, sexual battery, and aggravated child molestation" has filed the present *pro se* civil rights action to complain about strip searches conducted at the Georgia Diagnostic and Classification Prison. In his Complaint, Plaintiff alleges that "CERT team" officers conducted "group strip searches" of the inmates in his dorm (four at a time) in a large open area. A female officer was apparently standing outside and watched these searches through a large window at the front of the dorm. Plaintiff claims that the strip search was "humiliating" and "degrading" and that Defendant Warden Humphries violated his constitutional rights by permitting these group searches to take place in an area where other inmates and a female officer could watch.

"There is no question that strip searches may be unpleasant, humiliating, and embarrassing to prisoners"; however, "not every psychological discomfort a prisoner endures amounts to a constitutional violation." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). Prisoners also retain only "a very minimal . . . interest in privacy after incarceration." *Johnson v. Hutton*, No. 2:07–CV–0195, 2009 WL 1392598, at *3 (N.D. Tex. May 18, 2009) (quoting *Oliver v. Scott*, 276, F.3d 736, 744 (5th Cir. 2002)).

Courts have thus found that "strip searches carried out in non-secluded areas of the prison and in the presence of prison employees of the opposite sex are not unconstitutional." *Tasby v. Lynaugh*, 123 F. App'x 614, 615 (5th Cir. 2005). The constitution is not offended by such searches so long as they are conducted for a "legitimate penological purpose." *Calhoun, 319 F.3d at 939* (citing *Johnson v. Phelan*, 69 F.3d 144, 150-51 (7th Cir. 1995)). Thus, to state a constitutional claim, a prisoner must

allege "that the strip search in question was not merely a legitimate search conducted in the presence of [other inmates and/or female guards], but instead a search conducted in a harassing manner intended to humiliate and inflict psychological pain." *Id.*

Nothing in Plaintiff's Complaint, even when liberally construed, suggests Plaintiff can show that these group searches were conducted with the intent to humiliate and degrade inmates. Plaintiff merely alleges that *he* felt humiliated and that a female officer could view the search from *outside* the dorm. According to the allegations in the Complaint and Supplement, the female officer was not part of the CERT team conducting the search and was not actually present in the room during the searches. The Complaint also states that all inmates were subjected to the same search and suggests that the searches were performed in a uniform manner. The Court thus finds that there is no "reasonable expectation that discovery will reveal evidence" showing the searches were *not* justified by valid a penological reason or were otherwise conducted in an unprofessional or crude manner. *C.f., Calhoun v. DeTella*, 319 F.3d at 939-40 (allowing claim where female guards were not mere passersby or performing the legitimate penological function of conducting or monitoring the search, but were invited spectators to "ribald comments" and "sexually explicit gestures"); *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009) (allowing claim where prisoner was subjected to daily strip searches in view of other inmates, the searches were done in a cold room, and the guards made demeaning comments as they searched the naked prisoners).

Moreover, even if Plaintiff had described an unconstitutional search in his Complaint, Plaintiff has failed to allege facts to support a claim against the only named Defendant, Warden Humphries. Plaintiff's Complaint merely alleges that Warden

-4-

Humphries is "responsible for the actions of his officers;" there are no facts suggesting that the the Warden either instituted a custom or policy of unconstitutional searches, directed the CERT team officers to act unlawfully, or failed to stop the officers from acting unlawfully when he knew they would.   Plaintiff has thus failed to allege any of the prerequisites for imposing supervisory liability on the Warden. *See Gross v. White*, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).

### CONCLUSION

For these reasons, Plaintiff's Complaint shall be **DISMISSED without prejudice**[1] pursuant to 28 U.S.C. § 1915A(b).

This dismissal, however, does not relieve Plaintiff of his obligation to pay his filing fee.   As previously explained, Plaintiff is still obligated to pay the full $ 350.00 filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b).   It is therefore **ORDERED** that Plaintiff make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.   Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 filing fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.   In the event Plaintiff is released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee until it has been paid in

---

[1] Washington v. Wigington, No. 1:12–CV–0637–WSD–JFK, 2012 WL 3834844 (N.D. Ga. July 27, 2012) ("When a *pro se* plaintiff fails to state a claim and a more carefully drafted complaint might state a claim, dismissal should be without prejudice."); see also Quinlan v. Pers. Transp. Servs. Co., 329 F. App'x 246, 249 (11th Cir. 2009) ("[W]e never have stated that a district court *sua sponte* must allow a plaintiff an opportunity to amend where it dismisses a complaint *without* prejudice."(emphasis in original)).

full.   If Plaintiff is released from custody and fails to remit payments, collection of any balance due shall be authorized by any means permitted by law.

The Clerk is **DIRECTED** to mail a copy of this Order to the warden and/or business manager of the institution in which Plaintiff is currently confined.

SO ORDERED this 1st day of November, 2012.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr